IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JONATHAN D. COOPER                                                    PETITIONER

V.                                             NO. 4:16-CV-195-DMB-JMV

TIMOTHY MORRIS; and ATTORNEY
GENERAL OF THE STATE OF MISSISSIPPI                      RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

This habeas petition is before the Court sua sponte for consideration of Jonathan D. Cooper's motion for preliminary injunction. Doc. #8.

**I
Relevant Procedural History**

On or about September 27, 2016, Jonathan D. Cooper, acting pro se, filed a petition for writ of habeas corpus in this Court. Doc. #1. In his petition, Cooper alleges that, on March 21, 2016, after having been out of prison for approximately eighteen months on Earned Release Supervision ("ERS"),[1] the Mississippi Department of Corrections ("MDOC") revoked his ERS for absconding the geographic area of his authorized release, a violation of the terms of his release. Cooper complains that he did not receive timely hearings required under state law regarding his removal from ERS status – and that MDOC has failed to properly calculate his release date under state statutory and procedural law. Of relevance here, Cooper alleges that, after raising the claims at issue here with MDOC's Administrative Remedy Program, he came "straight to US Northern District." *Id*. at 6.

---

[1] Earned Release Supervision is a form of supervised release that is conducted, according to statute, in the same manner as a period of supervised parole. Miss. Code Ann. § 47-5-138(6). The statute provides that the Mississippi Department of Corrections shall "develop rules, terms and conditions for the earned release-supervision program." *Id*. Under the ERS statute, a prisoner remains in inmate status while out on earned release; as such, time served while on ERS counts as time served toward completion of his sentence. *Id*.

On or about December 17, 2016, Cooper filed a motion for preliminary injunction. Doc. #8. On July 18, 2017, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that the motion for preliminary injunction be denied. Doc. #10.

## II
## Analysis

A preliminary injunction is an extraordinary remedy that should only issue if the movant establishes:

(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013).

It is axiomatic that, before a plaintiff can pursue a matter through habeas corpus in federal court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion requires that the prisoner have fairly presented the substance of his claim to the state courts." *Woodfox v. Cain*, 609 F.3d 774, 790 (5th Cir. 2010) (internal quotation marks omitted). "[W]hether a petition exhausted his claim in state court is a case – and fact – specific inquiry." *Id*.

Here, Cooper's petition concedes that he has not presented his claims to the Mississippi courts. Accordingly, he is unlikely to succeed on the merits, and his motion for a preliminary injunction must be denied. *See Jones v. Epps*, No. 3:13-cv-354, 2013 WL 5447877, at *3 (N.D. Miss. Sep. 30, 2013) (dismissing as unexhausted habeas claim based on improper calculation of earned time); *Jamison v. MDOC State of Miss.*, No. 2:09-cv-219, 2010 WL 3037496, at *1 (N.D. Miss. June 22, 2010) (same).

## III
## Conclusion

For the reasons above, Cooper's motion for a preliminary injunction [8] is **DENIED**. Therefore, Judge Virden's Report and Recommendation [10] is **REJECTED as moot**.

**SO ORDERED**, this 26th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**